UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRA MONTES, | |
| Plaintiff, | Case No.: C08-1491 CRD |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |
| Defendant. | |

Plaintiff Myra Montes appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied her application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act ("SSA" or the "Act"), 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court REVERSES the Commissioner's decision and REMANDS for further administrative proceedings.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a twenty-nine-year-old woman, twenty-one years old at the alleged disability onset date. Plaintiff has a high school education and has worked as a childcare attendant, cashier, and a fish processor; however, the ALJ found Plaintiff did not earn sufficient income at those jobs to be considered past relevant work experience. Administrative Record ("AR") at 347.

ORDER - 1

Plaintiff applied for SSI in September 2001 alleging disability since March 2001, due to back pain, nausea, sleep apnea, and dizziness. AR 80-84, 91. Her claim was denied initially and upon reconsideration, and she requested an ALJ hearing. On July 3, 2003, a *de novo* hearing was held before ALJ Joyner. The ALJ heard testimony from Plaintiff, who was represented by counsel; a medical expert and a vocational expert also testified. AR 260-329. On October 6, 2003, the ALJ rendered a decision finding Plaintiff not disabled. AR 31-40. The Appeals Council denied review of the ALJ's decision and Plaintiff brought suit in this district court. On November 29, 2005, Magistrate Judge Benton issued a Report and Recommendation (AR 360-66), which was adopted by the assigned district judge (AR 359), recommending the court reverse and remand for a rehearing.

On February 1, 2007, a second administrative hearing was held before ALJ Joyner. The ALJ heard testimony from Plaintiff who was represented by counsel; two medical experts and a vocational expert also testified. AR 626-61. On April 25, 2007, the ALJ rendered an unfavorable decision again finding Plaintiff not disabled. AR 344-57. Plaintiff requested review by the Appeals Council and review was denied, rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On October 8, 2008, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV. THE DISABILITY EVALUATION

As the claimant, Ms. Montes bears the burden of proving that she is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id*. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] In the present case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR 347, Finding 1. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic

---

[1]Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

ORDER - 3

work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case, the ALJ found Plaintiff has the severe impairments of obesity, obstructive sleep apnea, and borderline intellectual functioning. AR 347, Finding 2. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id*. In this case the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any listed impairment. AR 350, Finding 3.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ in this case found Plaintiff:

> [H]as the residual functional capacity to occasionally lift and carry 10 pounds, frequently lift and carry less than 10 pounds, stand at least 2 hours in an 8-hour workday, walk at least 2 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday. She is limited to occasional stooping, kneeling, crouching, crawling, and climbing of ramps and stairs with no climbing of ladders, ropes, and scaffolding. She needs to avoid exposure to hazards such as moving machinery and working at heights. Her borderline intellectual functioning limits her to simple repetitive tasks.

AR 350-51, Finding 4.

However, the ALJ found that Plaintiff's past work does not qualify as "past relevant work." AR 355, Finding 5. If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be

ORDER - 4

awarded. In this case, the ALJ found that Plaintiff is able to perform work including jobs such as assembler and addresser. AR at 355-56, Finding 9. The ALJ therefore concluded Plaintiff was not disabled as defined in the SSA. *Id.*

## V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1. Did the ALJ properly evaluate the opinions of treating physician Dr. Sheahan?
2. Does substantial evidence support the ALJ's finding that Plaintiff has a high school education?
3. Does the objective evidence show at most mild abnormalities?
4. Did the ALJ properly evaluate examining psychologist Dr. Moore's opinions?
5. Did the ALJ properly apply 20 C.F.R. § 416.930?
6. Did the ALJ properly evaluate medical expert Dr. Nielson's testimony?
7. Does substantial evidence support the ALJ's step-three finding that Plaintiff does not meet or equal a listed impairment?

Dkt. No. 8 at 1.

## VI. DISCUSSION

The parties agree that the ALJ again made multiple errors in the second decision in this case. Plaintiff argues a remand for payment of benefits is appropriate; Defendant argues an award of benefits is not warranted. Remand for payment of benefits is proper when there are no outstanding issues to be resolved before a determination of disability can be made. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). For the reasons outlined below, the Court finds multiple issues remain to be resolved in this case and therefore remands for further administrative proceedings. Because this case has been before the same ALJ twice resulting in decisions with multiple errors, the Court recommends the Appeals Council assign the case to a *different* ALJ.

### *Dr. Sheahan*

Plaintiff argues the Court should hold that she is disabled in light of treating physician Dr. Sheahan's 2001 opinion that she is severely limited in her ability to perform even half-time

work due to morbid obesity (AR 124). Dkt. 8 at 5-9; Dkt. 14 at 3-6. The remand order found that the ALJ's first decision did not give sufficient reasons for rejecting Dr. Sheahan's opinion and directed the Commissioner to reconsider Dr. Sheahan's findings. AR 365-66. The court found that "[b]ecause the ALJ failed to give clear and convincing reasons for rejecting Dr. Sheahan's opinion that Montes could not perform even part-time sedentary work, we credit Dr. Sheahan's opinion as true." AR 366. The court concluded that the first requirement under *Smolen*[2] was met but found that issues remained to be resolved which required consideration of Dr. Sheahan's and Dr. Wolf's opinions as well as consideration of mental impairment evidence. *Id*.

Defendant concedes that in the second decision the ALJ "misstated Dr. Sheahan's findings and did not properly address Dr. Sheahan's opinion." Dkt. 13 at 7. The parties agree that the ALJ erred in again failing to properly assess Dr. Sheahan's opinion. Consistent with the prior remand order in this case, the Court again remands for the ALJ to consider fully and properly Dr. Sheahan's opinion. The ALJ shall thoroughly explain the weight assigned to Dr. Sheahan's opinion in considering Plaintiff's claims.

### *Plaintiff's Education*

Plaintiff argues that the ALJ erroneously evaluated her education level in finding that she has a high school education without noting that she took special education classes throughout high school. Defendant concedes, but argues that a lack of high school education does not prove a claimant is unable to work at simple unskilled jobs. Regardless, the Court notes that on remand the ALJ will have the opportunity to discuss Plaintiff's special education courses as relates to her intellectual functioning, and how if at all, it impacts finding that she has a "high school education." The ALJ shall discuss any impact special education has on her residual functional capacity.

///

---

[2] *Smolen* provides that the court may credit evidence as true and remanded for an award of benefits where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Smolen*, 80 F.3d at 1292.

### *Objective Findings; Dr. Moore's Opinion; Dr. Nielson's Opinion*

Plaintiff argues the ALJ erred by misstating the severity of objective findings with respect to her obesity and mental ability. Plaintiff also asserts the ALJ erred in failing to evaluate examining psychologist Dr. Moore's opinion regarding her mental limitations, and improperly relied upon the hearing testimony of medical expert Dr. Nielson. Defendant's position is that "[t]he Commissioner does not address these contentions of error, because the errors regarding medical evidence compel remand." Dkt. 13 at 12. The parties agree that the ALJ erred in assessing the medical evidence. A proper analysis of the medical evidence is required before a complete decision can be rendered. Plaintiff's residual functional capacity must be reevaluated based on a complete assessment of the medical evidence. On remand, the ALJ will have the opportunity to address the objectivity of the medical evidence, the opinions of Doctors Moore and Nielson, and discuss the weight assigned to their opinions supported by substantial evidence in the record.

### *Failure to Follow Treatment*

Plaintiff argues that the ALJ erred in citing to regulation 20 C.F.R. § 416.930, which addresses a claimant's failure to follow a physician's prescribed treatment. The ALJ cited the regulation in noting that Plaintiff had been told by physicians to lose weight, exercise, and improve her diet. AR 352. Defendant concedes that the ALJ erred in citing to this regulation, but argues it was not a basis for the ALJ's denial. Regardless, the parties agree that the ALJ is in error by relying on the regulation; therefore, reversal is also appropriate on this ground.

### *Listing Equivalence*

Plaintiff argues that the ALJ erred in not addressing whether she "equals" a listed impairment at step three. At the first hearing, Dr. Wolf testified that Plaintiff equaled a listing based on her obesity, sleep apnea, and back impairment. The ALJ failed to address Dr. Wolf's opinion in the first decision and was instructed to do so on remand. Defendant concedes the ALJ again erred in failing to address the issue of listing equivalence in the second opinion, both with respect to Plaintiff's physical impairments as relates to her spine and sleep disorder, as well as to her mental impairments related to borderline intellectual functioning.

The parties agree that the ALJ again erred in failing to discuss listing equivalence. Plaintiff argues that she clearly equals Listing 12.05(C) for mental retardation and asks the Court to award benefits without remanding for further proceedings. Specifically, Plaintiff argues that Listing 12.05(C) essentially requires: (1) an IQ of 70 or less; (2) deficits in adaptive functioning; and (3) an additional limitation of function; and argues that Defendant concedes she meets the first and third requirements but not the second requirement. Plaintiff argues that regardless, her *combined* impairments equal the listing because she has two additional limitations of function (obesity and obstructive sleep apnea, as found by the ALJ), which more than equal the third requirement. However, the Court fails to see how Plaintiff's argument that she meets the third requirement twice is equivalent to meeting the second requirement. Thus, based on the record before the Court, it is not clear whether Plaintiff equals the listing. On remand, the ALJ shall specifically discuss whether Plaintiff's combined impairments equal the requirements of listing 12.05(C).

## VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and the case is REMANDED for further administrative proceedings in accordance with this order.

DATED this 20th day of April, 2009.

Carolyn R. Dimmick
United States District Judge